IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEDRIC JAMAR DEAN, #197053, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:17cv766-WHA |
| ) | (WO) |
| PHILLIP J. BILLUPS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

This cause is before the court on an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (*see* Doc. Nos. 6 & 7) in which petitioner Dedric Jamar Dean ("Dean") sets forth claims challenging the Dale County Circuit Court's October 2017 revocation of his community-corrections sentence. Dean claims that, in revoking his community-corrections sentence, the State violated his due process and equal protection rights, his right to protection against illegal search and seizure, and his right to be free from cruel and unusual punishment.  Doc. No. 6 at 5.  In addition, he contends that his lawyer in the revocation proceedings rendered ineffective assistance of counsel.  Doc. No. 7 at 1–2.

The respondents argue that Dean has failed to exhaust his state court remedies regarding his claims and that his § 2254 petition should be dismissed without prejudice to allow him to exhaust those remedies.  *See* Doc. No. 12.  Specifically, the respondents note that Dean's appeal from the revocation of his community-corrections sentence is pending in the Alabama Court of Criminal Appeals.  *Id*. at 4–7.

In light of the arguments and evidence presented by the respondents with their answer, the court entered an order allowing Dean to demonstrate why his petition should not be dismissed for his failure to exhaust state court remedies. Doc. No. 13. Dean has failed to file a response to this order within the time provided by the court.

## II.  DISCUSSION

Before a § 2254 petitioner may obtain federal habeas corpus review, he must exhaust his federal claims by raising them in the appropriate court, allowing the state courts to decide the merits of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review— a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See Smith v. Jones,* 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala.R.App.P. 39 & 40. The exhaustion requirement applies to state post-conviction proceedings and to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

From a review of the parties' submissions, it is clear that Dean has not exhausted his available state court remedies regarding the claims in his § 2254 petition. As the respondents observe, Dean's appeal from the revocation of his community corrections sentence is currently pending in the Alabama Court of Criminal Appeals. Thus, Dean has

not invoked or obtained a complete round of the State's established appellate review process regarding his claims. *O'Sullivan*, 526 U.S. at 845.

This court does not deem it appropriate to rule on the merits of Dean's claims without first requiring that he exhaust his state court remedies; the court therefore concludes that the instant petition should be dismissed without prejudice so Dean may exhaust those remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED without prejudice to allow Dean to exhaust all available state court remedies.

It is further

ORDERED that on or before February 16, 2018, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v.*

*Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done, on this the 2nd day of February, 2018.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge
